UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ERIC LAUDERDALE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 3:08-CV-106 PS |
| ) | |
| WESTVILLE CORRECTIONAL ) | |
| FACILITY SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Eric Lauderdale was docked 90 days good time credit after a prison Disciplinary Hearing Board (DHB) found him guilty of giving something of value to another in violation of prison rules.  In this *habeas* petition Lauderdale claims that the prison authorities violated Indiana state law and prison regulations by waiting too long to write the conduct report by delaying his hearing for four weeks.  (DE 1-2 at 2.)  The problem with Lauderdale's argument is that it's based solely on violations of state law and prison policy.  But *habeas* review is limited to deciding whether the Constitution, laws, or treaties of the United States have been violated; state law violations are neither here nor there.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  For this reason *habeas* relief cannot be granted in this case.

Perhaps recognizing this, Lauderdale also argues that the state has created a "liberty interest" in having his case heard more promptly and that the delay created an "atypical and significant hardship."  (DE 1-2 at 3.)  This phrasing comes from *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995), but Lauderdale has misunderstood the meaning of both of those terms.  In full context, here's what *Sandin* said:
> In light of the above discussion, we believe that the search for a negative implication from mandatory language in prisoner regulations has strayed from the real

>concerns undergirding the liberty protected by the Due Process Clause.  The time has come to return to the due process principles we believe were correctly established and applied in *Wolff* and *Meachum*.  Following *Wolff*, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. . . .  But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id*. (citations and footnote omitted).  Time limits on hearings are not a restraint of freedom; rather, they are merely the kinds of prison regulations that *Sandin* repudiated as a basis for finding a "liberty interest."  Neither are time limits on hearings an "atypical and significant hardship."  As *Sandin* explains, an "atypical and significant hardship" is a restraint of freedom that is so severe that it prevents an inmate from experiencing the ordinary incidents of prison life.  Even segregation, for example, is not an "atypical and significant hardship."  *See id*. at 485-86.  In any event, even assuming that a delay in holding a hearing could be said work some "atypical and significant" hardship as that phrase is has come to be understood, it's impossible to believe that a four week delay in holding a hearing – the delay in this case – would be the type of hardship that the Supreme Court had in mind when it decided *Sandin*.

Since it plainly appears from the petition and the attached exhibits that the petitioner is not entitled to relief, the petition is denied.  *See* Rule 4 of the Rules Governing § 2254 Cases in the U.S. District Courts.

**SO ORDERED**.
ENTERED: March 24, 2008.

s/ Philip P. Simon
Philip P. Simon, Judge
United States District Court
